UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH FLORENCE,**

    **Plaintiff,**

v.                                                **Case No.: 8:12-CV-855-T-23EAJ**

**NOVO NORDISK, INC.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendant Novo Nordisk Inc.'s ("Defendant's") **Motion For Taxation of Costs** (Dkt. 70), Plaintiff Joseph Florence's ("Plaintiff's") **Memorandum of Law in Opposition to Defendant's Motion For Taxation of Costs** (Dkt. 73), and **Defendant's Reply in Support of its Motion For Taxation of Costs With Incorporated Memorandum of Law** (Dkt. 76).[1] It is recommended that the motion be granted in part and denied in part.

Defendant seeks $2,390.15 in costs,[2] including $1,986.32 for transcripts and $403.83 for photocopying. Plaintiff objects to $1,498.82 of the transcript fees for two depositions that were taken in a prior action before Florida's Division of Administrative Hearings. Plaintiff contends that the cost of deposition transcripts are not recoverable when taken in another matter. Additionally, Plaintiff objects to $403.83 in copying fees.

A prevailing party may recover various costs, including fees of the clerk and fees for printed or electronically recorded transcripts and copies necessarily obtained for use in the case. 28 U.S.C.

---

[1] The motion was referred to the undersigned. (Dkt. 70)

[2] In all, Defendant seeks $1,498.82 for deposition transcripts; $487.50 for hearing transcripts; and $403.83 for photocopying.

§ 1920; Fed. R. Civ. P. 54(d)(1).  However, costs such as general copying are "are clearly nonrecoverable." Duckworth v.Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (per curiam) (citations omitted).

Defendant explains that it filed the two deposition transcripts in support of its motion for summary judgment.  As the deposition transcripts were obtained for use in this case, Plaintiff's objection to these fees is without merit. See Blickley v. Ford, No. 6:08–cv–1866–Orl–31GJK, 2011 WL 1376972, at *1 (M.D. Fla. Apr. 12, 2011) (allowing costs of transcripts for testimony originally intended for use in another case).

As to the copying fees, Defendant states that the copies were necessarily obtained for use in this case "in connection with the multiple discovery motions filed[.]" (Dkt. 76 at 3)  However, this cursory assertion is insufficient to establish that the copying costs are compensable. See, e.g., Gary Brown & Assocs., Inc. v. Ashdon, Inc., 237 F. App'x 837, 846 (11th Cir. 2008) (unpublished) (per curiam) (upholding district court's denial of more than $6,000 in copying fees that were not explained with specificity).  These costs should be denied.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Defendant Novo Nordisk Inc.'s Motion For Taxation of Costs (Dkt. 70) be **GRANTED in part**; and

(2) Defendant be awarded $1,986.32 in costs.

**Date: December 12, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge